UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SITEONE LANDSCAPE SUPPLY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-02898 JAR |
| | ) |
| JOHN BECKHAM, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff SiteOne Landscape Supply, LLC ("SiteOne")'s Motion for Temporary Restraining Order and Preliminary and Permanent Injunction (Doc. No. 3). On December 20, 2017, the Court held a hearing on this matter, at which both parties were represented by counsel. Arguments were presented at that time and the matter was continued to December 22, 2017 to allow Defendant John Beckham ("Beckham") to respond to SiteOne's motion. On December 21, 2017, Beckham filed his affidavit in opposition to SiteOne's motion (Doc. Nos. 13, 13-1). On December 29, 2017, SiteOne filed its reply (Doc. No. 17). The motion is now ready for disposition. For the following reasons, SiteOne's motion for TRO will be denied.

I.  **Background**

SiteOne is the largest wholesale landscape supply distributor in North America, providing customers with lawn care supplies, nursery stock, irrigation, landscape supplies, and landscape lighting to landscaping professionals. SiteOne considers certain confidential customer, employee, and business information to be trade secrets. According to SiteOne, this trade secret information

1

includes reports known as "Leaderboards" containing specific information regarding sales-related employees (business development managers, key account managers, customer acquisition specialists, and district sales managers), their relative success in their territories, and their sales, sales margins, and targeted sales for particular periods of time.

Beckham worked as a Key Account Manager for SiteOne from approximately March 27, 2006 until he resigned on August 18, 2017. As a Key Account Manager, Beckham managed a book of customer accounts and was responsible for SiteOne's relationship with those customers. SiteOne asserts that as a Key Account Manager, Beckham had direct and continuous access to its trade secret information and, in particular, its Leaderboards for Region 3 in which Beckham worked. At no time during his employment with SiteOne did Beckham sign a non-compete or non-solicitation agreement with SiteOne.

Soon after his resignation, Beckham began working for Central Turf & Irrigation Supply, a director competitor of SiteOne, as a Business Development Manager-Midwest. SiteOne alleges that when Beckham resigned, he took with him trade secret information belonging to SiteOne, including Leaderboard and other sales information, to use for the benefit of himself and his new employer Central Turf. SiteOne further alleges that Beckham has used the Leaderboard information to identify and recruit SiteOne's high performing employees to work for Central Turf and grow new business.

On December 18, 2017, SiteOne filed this action against Beckham alleging theft of trade secrets in violation of the Defend Trade Secrets Act of 2016 (DTSA), 18 U.S.C. § 1836, *et seq.* (Count I); misappropriation of trade secrets in violation of the Missouri Uniform Trade Secrets Act (MUTSA), Mo. Rev. Stat. §§ 417.450-417.467 (Count II); and breach of the duty of loyalty

(Count III). (Compl., Doc. No. 1.) Also on December 18, 2017, SiteOne moved for a temporary restraining order and preliminary injunction asserting that DTSA, MUTSA, and Missouri common law prohibit Beckham from taking, using and disclosing its trade secret information, and that without injunctive relief, it will suffer or continue to suffer irreparable harm while Beckham uses and discloses its information for and to a competitor. SiteOne seeks to enjoin Beckham, and all those acting in concert or otherwise in participation with him, from: (1) disclosing SiteOne's confidential, proprietary and trade secret information; (2) retaining possession of SiteOne's documents and other property in whatever form; and (3) destroying, removing, or otherwise disposing of SiteOne's documents and property, whether electronic or otherwise, currently in his possession or control.

## II.    Discussion

In determining whether to issue a TRO, the Court must consider the following four factors: (1) the threat of irreparable harm; (2) the state of the balance between this harm and the injury that granting the injunction will inflict; (3) the probability of the movant's success on the merits; and (4) the public interest. Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). No one factor is dispositive; the Court must consider all factors together. Id. The relevant inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113.

### A.    Irreparable harm

"[T]o demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." Novus

3

Franchising, Inc. v. Dawson, 725 F.3d 885, 895 (8th Cir. 2013); Iowa Utils. Bd. v. F.C.C., 109 F.3d 418, 425 (8th Cir. 1996). Possible or speculative harm is not sufficient. See Local Union No. 884, United Rubber, Cork, Linoleum, & Plastic Workers of Am. v. Bridgestone / Firestone, Inc., 61 F.3d 1347, 1355 (8th Cir. 1995). Failure to show irreparable harm is an independently sufficient ground upon which to deny a TRO. Watkins v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003).

The evidence before the Court does not clearly establish a threat of irreparable harm to SiteOne. Certainly SiteOne contends that Beckham took confidential and trade secret information from SiteOne, namely Leaderboard reports, and used that information to identify and recruit SiteOne's high performing employees to work for Central Turf and grow new business. In his affidavit, however, Beckham denies taking or using trade secret information belonging to SiteOne for the benefit of himself or Central Turf. He states that he has deleted or destroyed any documents in his possession related to the business and activities of SiteOne, and that the only document he did not destroy or delete was a single page from a document called a "Scoreboard" listing the sales of eight SiteOne employees, including himself, for the calendar year 2015. He took a screen shot of this page because it reported his total sales for 2015 which was a personal achievement. According to Beckham, he has returned this single page from the "Scoreboard" through his attorney.

Even if the Leaderboards constitute "trade secrets" under the DTSA and MUTSA, there is no specific evidence that Beckham used them to the detriment of SiteOne. Although Beckham admits contacting approximately eight to ten SiteOne employees regarding potential employment with Central Turf, he states he did not rely on information from the "Leaderboard" or

4

"Scoreboard" to determine who to contact since all of these individuals were longtime friends or business acquaintances. At this stage of the proceeding, SiteOne has presented no evidence to contradict this assertion. Moreover, there is no non-solicitation agreement between the parties. Thus, at this stage of the litigation, SiteOne has not established a sufficient threat of irreparable harm.

**B.     Likelihood of success on the merits**

To demonstrate likelihood of success on the merits, a movant need not show that he ultimately will succeed on his claims, only that the prospect for success is sufficiently likely to support the kind of relief he requests. Noodles Dev., LP v. Ninth St. Partners, LLP, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007) (citations omitted). That is, the movant need only show "a fair chance of prevailing." Phelps-Roper v. Nixon, 509 F.3d 480, 485 (8th Cir. 2007).

SiteOne argues it has shown likelihood of success because Beckham has admitted to taking information belonging to SiteOne, including the "Scoreboard," and contacting individuals named on the "Scoreboard." It is unclear whether the information at issue actually constitutes trade secrets. In any event, as discussed above, there is no specific evidence that Beckham used the information to the detriment of SiteOne. Thus, at this stage of the litigation, SiteOne has not established a likelihood of success on the merits.

**C.     Balance of harms/public interest**

SiteOne asserts that the requested injunction will not restrain Beckham from working for Central Turf, but only from retaining, using or disclosing SiteOne's trade secrets for his benefit and the benefit of Central Turf. SiteOne further asserts there is a strong public interest in protecting trade secrets, as doing so promotes commercial morality and fair competition. The

Court finds the balance of equities and public interest factors weigh against the issuance of a TRO. Certainly the public policy of many states, including Missouri, is to prevent the unauthorized disclosure of trade secrets. In this case, however, it is unclear whether the information at issue constitutes confidential trade secrets or was used by Beckham to the detriment of SiteOne.

### III. Conclusion

Based upon the foregoing consideration of all of the Dataphase factors, the Court concludes that SiteOne has not met its burden of showing entitlement to the extraordinary remedy of a TRO.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff SiteOne Landscape Supply, LLC's Motion for Temporary Restraining Order [3] is **DENIED.**

**IT IS FURTHER ORDERED** that a status conference is set for **Friday, January 19, 2018 at 11:00 a.m. in Courtroom 12N** to establish a schedule for expedited discovery and to set a hearing for preliminary and permanent injunction.

Dated this 4th day of January, 2018.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE